IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHESACO MOTORS, INC., ET AL. | * | |
| | * | |
| v. | * | Civil No. JFM-09-1589 |
| | * | |
| GULF STREAM COACH, INC. | * | |
| | ***** | |

MEMORANDUM

After removing this action to this court from the Circuit Court for Baltimore County, Maryland, defendant, Gulf Stream Coach, Inc., has filed a motion to dismiss or to transfer under 28 U.S.C. §1404(a). The motion will be treated as one to transfer and, as such, will be granted.

The transfer issue is governed by a clause in the franchise agreement for the parties reading as follows: "All transactions contemplated hereby shall be governed by, construed, and enforced exclusively in accordance with the laws and the courts of the State of Manufacture [Indiana]." Plaintiffs argue first that this clause is not applicable because the claims it asserts in the complaint (relating to defendant's alleged refusal to honor statutory warranty obligations to plaintiffs and to plaintiffs' Maryland customers) are not "transactions contemplated" by the franchise agreement. This argument is belied by an express allegation made by plaintiffs in paragraph four of the complaint: "[t]he subject matter of this case arises out of contracts of the sale of RVs sold by" defendant to plaintiffs.

Plaintiffs' alternative argument presents a closer question. Unquestionably, the clause in question could have been written far more clearly. The relevant phrase – "all transactions contemplated hereby shall be . . . enforced exclusively in accordance with . . . the courts of" Indiana is awkward. Plaintiffs contend that the awkwardness constitutes ambiguity and that the clause should therefore be construed as nothing more than a permissive forum selection clause.

*See generally TECH USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 856 (D. Md. 2009). However, unless the clause in question is construed to mean that law suits arising from transactions contemplated by the franchise agreement are to be instituted exclusively in Indiana the last phrase of the clause is rendered superfluous. In any event, at the very least the question presented is a close one, and this court has held that a transfer under §1404(a) is appropriate to avoid infecting the litigation at the outset with a fatal error. *See, e.g. Rheumatology Nurses Society, Inc. v. Phoenix Group Holdings, LLC.,* 2009 W.L. 249233, *5 (D. Md. 2009; *Joseph M. Coleman & Assocs. Ltd., v. Colonial Metals*, 887 F. Supp. 116, 120 (D. Md. 1995).

A separate order transferring this action to the Northern District of Indiana is being entered herewith.

DATE:   July 30, 2009                              /s/
                                                                  J. Frederick Motz
                                                                  United States District Judge